UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Air Innovations, Inc.

**Plaintiff,**

v.

Barker Company, Limited

**Defendant(s).**

5:08 CIV _____

COMPLAINT IN CIVIL ACTION

1. This is a civil action for patent infringement, false designation of origin, trade dress infringement and unfair competition. This action arises under Title 35 of the United States Code, Section 271, and Title 15 of the United States Code, Sections 1051 to 1127, as well under the Common Law (*see* Restatement Third, Unfair Competition, § 2, *et seq.*)

2. Plaintiff Air Innovations, Inc, is a New York Corporation, with its principal place of business at 7000 Performance Drive, North Syracuse, New York.

3. Plaintiff owns United States Patent D496,053, entitled High-Profile Refrigerated Floral Merchandiser Unit, which was applied for September 12, 2003, was granted September 14, 2004, and is unexpired and in good standing. A true copy of United States Patent No. D496,053 is attached hereto as **Exhibit A**.

4. Plaintiff is also owner of US Pat. Des. 400,030, to cover Plaintiff's earlier design patent for low profile refrigerated floral display unit, which patent was filed for October 10, 1997, and was granted October 27, 1998.

5. Plaintiff's product line includes a WALL OF COLOR open front refrigerated floral

display unit that incorporates the design of said United States Patent D496,053

6. Plaintiff's WALL OF COLOR refrigerated floral display unit is clearly marked with the patent number of said patent.

7. Defendant Barker Company, Limited, is an Iowa business corporation, listed on the records of the Iowa Department of State. Defendant has a business address at 703 Franklin Street, Keosauqua, Iowa.

8. Defendant Barker Company manufactures, distributes, and sells refrigerated floral display units, which compete with Plaintiff's WALL OF COLOR units.

9. At least certain ones of the refrigerated floral display units manufactured by or on behalf of Barker Company's infringe Plaintiff's U.S. Pat. D496,053.

10. On information and belief, Defendant Barker Company distributes and or sells the infringing floral display units to customers within the State of New York. Also on information and belief, Defendant Barker Company distributes and sells the infringing floral display units to customers within the territorial jurisdiction of the U.S. District Court for the Northern District of New York.

11. On information and belief, Defendant Barker Company promotes and sells its refrigerated floral display units with a claim that their floral display units are the same, or the same design, as the patented floral display units of Plaintiff.

12. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338 (a) and (b), and 1367; and 15 U.S.C. § 1121.

13. Venue in this forum is proper under 28 U.S.C. §§ 1391 (a) (b) and (c). Corporate Defendant is considered to reside within the Northern District of New York for venue purposes.

## BACKGROUND

14. Plaintiff, Air Innovations, is an established business entity that has created and maintains a high level of goodwill and quality in its FLORATECH line of refrigerated floral display cases. Air Innovations has a positive reputation in the field of niche-market and specialized refrigeration products, and these products include the Plaintiff's FLORATECH refrigerated floral display cases. Plaintiff intends these products for sale to retail stores, such as grocery stores and supermarkets, where they are used for fresh cut flowers. Plaintiff markets its FLORATECH refrigerated floral display cases to customers throughout the country.

15. Defendant Barker Company manufactures and markets refrigerated display cases for grocery stores and supermarkets, including open front floral display cases.

16. On or about June 2004, Plaintiff became aware that Barker Company had introduced a refrigerated floral display cabinet whose appearance was strikingly similar to Plaintiff's WALL OF COLOR display case. At that time, Plaintiff's application for patent, which eventuated in the granting of Plaintiff's design patent D496,053, was still pending at the United States Patent and Trademark Office.

17. Plaintiff, through its counsel, on about July 7, 2004, notified Mr. Pat McMahon, an officer of Barker Company, that Barker Company's product would infringe the Plaintiff's design patent when the patent issued.

18. Defendant responded that Barker Company had been selling an FT series of floral merchandiser for over 20 years.

19. According to Defendant's own sales information made available to customers, the Barker FT series includes only low profile floral merchandisers.

20. On information and belief, Defendant Barker Company had designed their high profile open floral display cabinet in response to the appearance of Plaintiff's WALL OF COLOR product, and had deliberately attempted to make their product resemble as closely as possible the Plaintiff's product.

21. On information and belief, Defendant has deliberately and consciously designed its high profile floral display cabinet to convince customers and potential customers that the Barker Company product is the same as or equivalent to Plaintiff's WALL OF COLOR product.

22. On information and belief, Defendants have copied Plaintiff's design of the WALL OF COLOR product.

23. Plaintiff's design and appearance for its WALL OF COLOR product has an inherent commercial distinctiveness and/or an acquired commercial distinctiveness, that entitles Plaintiff to trade dress protection against unfair competition from Defendant.

24. Defendant's continued marketing of its high profile open floral merchandiser, whose appearance is strikingly similar to Plaintiff's WALL OF COLOR floral merchandiser, is likely to cause confusion, deception, or mistake on the part of purchasers of these floral display units.

25. Defendant's infringing acts have caused Plaintiff lost profits of at least $290,000 per year resulting from sales diverted from its patented WALL OF COLOR high-profile refrigerated floral merchandiser.

26. Plaintiff estimates that the Defendant's continuing infringement of its U.S. Pat. No. D496,053 will cause additional damages of five times the annual amount mentioned in the paragraph just above.

27. Defendant's infringing acts are causing and will cause Plaintiff to lose convoyed

sales of additional products to customers whose sales have been or are being diverted from its patented WALL OF COLOR high-profile refrigerated floral merchandiser.

### Count I -- Design Patent Infringement

28. Defendant's conduct constitutes infringement of Plaintiff's U.S. Pat. D 496,053 under 35 U.S.C. §271 et seq.

### Count II -- False Designation of Origin

29. Defendant's conduct constitutes a violation of Section 43 (a) of the Lanham Act, to wit, 15 U.S.C. § 1125 (a), and will cause or has caused actual confusion, mistake, and deception, is likely to continue to cause confusion, mistake, or deception as to the source and quality of Defendant's goods, and concerning commercial association of Defendant and Plaintiff; and falsely implies that Defendant's floral display cabinets are sponsored by, authorized by, emanate from, or are affiliated with Plaintiff Air Innovations, Inc.

30. Defendant's acts have caused and are causing Plaintiff to suffer irreparable injury.

### Count III -- Trade Dress Infringement

31. Defendant's mimicking of Plaintiff's distinctive product design will cause or is likely to cause confusion, mistake or deception as to the source and quality of Defendant's goods, and constitutes trade dress infringement.

### Count IV -- Common Law Infringement

32. Plaintiff's trade dress is distinctive and are protectible under Restatement Third, Unfair Competition § 16.

33. Defendant is liable to Plaintiff for infringement of Plaintiff's distinctive dress and designs, under Restatement Third, Unfair Competition § 20.

**Wherefore** Plaintiff Air Innovations, Inc., respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, and enter an order granting the following relief:

   a.   Preliminarily and permanently enjoining Defendants, their employees, agents, officers, successors, and assigns, or others in privy therewith or under their control, and any and all persons acting by or under the authority of Defendant or in privity with Defendant, preliminarily during pendency of this action and permanently thereafter, from using the Plaintiff's distinctive and patented trademarks and service marks, or any marks that may be confusingly similar therewith in connection with the sale, distribution for sale, advertizing, promotion, or marketing of Defendant's infringing product.

   b.   Requiring Defendant to provide a full accounting of all sales their infringing open floral display units.

   c.   Awarding damages to Plaintiff in an amount equal to at least the reasonable profits of Defendants resulting from their infringement.

   d.   Awarding damages to Plaintiff in an amount equal to at least the losses suffered as a result of Defendant's infringing acts.

   e.   Multiplying Plaintiff's damage award by reason of Defendant's deliberate and wanton infringement.

   f.   Awarding court costs and attorney's fees to Plaintiff.

**Jury Demand**

Plaintiff demands a Jury Trial

DATED: December 3, 2008

Air Innovations, Inc.

By_____/BMolldrem_____
BERNHARD P. MOLLDREM, JR.
Bar Roll No 506,001
Law Office of Bernhard Molldrem
COUNSEL FOR PLAINTIFF
224 Harrison Street
Syracuse, NY 13202
Tel: (315) 422-4323
Fax: (315) 422-4318